IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
2012 AUG 14 PM 2:46
CLERK
SO. DIST. OF GA

| | | |
|---|---|---|
| RICKY MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV512-049 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR597-3) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ricky Mitchell ("Mitchell"), an inmate currently incarcerated at the Federal Correctional Complex-USP Coleman II in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent filed a Motion to Dismiss, to which Mitchell responded. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED** and Mitchell's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Mitchell was charged with one (1) count of conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and crack cocaine, in violation of 21 U.S.C. § 846. Mitchell was found guilty after a jury trial, and the Honorable William T. Moore, Jr., sentenced Mitchell to life imprisonment. Mitchell filed an appeal and asserted: 1) the evidence supporting his conspiracy conviction was insufficient; 2) the

Court improperly admitted testimony of witnesses who had agreements for leniency; and 3) the Court used an improper drug quantity figure during sentencing. The Eleventh Circuit Court of Appeals affirmed Mitchell's conviction and sentence. United States v. Baisden, 193 F.3d 523 (11th Cir. 1999) (Table).

Mitchell filed a section 2255 motion. In that motion, he set forth nine (9) allegations of ineffective assistance of counsel. This Court denied Mitchell's motion on the merits. The Eleventh Circuit denied Mitchell's request for a certificate of appealability. (CV500-72, Doc. Nos. 1, 11, 16, 21).

In this Motion, Mitchell contends that the United States Supreme Court's decision in DePierre v. United States, ___ U.S. ___, 131 S. Ct. 2225 (2011), applies retroactively to cases on collateral review. Respondent asserts that Mitchell's Motion is a second or successive motion, and, even if it were not, his Motion is untimely.

## **DISCUSSION AND CITATION TO AUTHORITY**

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> 
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

AO 72A
(Rev. 8/82)

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010).

Mitchell's first section 2255 motion was denied on the merits, which requires him to seek authorization from the Eleventh Circuit before filing the instant Motion. Mitchell did not seek or receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. Even if the Eleventh Circuit authorized his motion, it does not appear that Mitchell would be entitled to his requested relief. Mitchell has not set forth any assertions which fall within § 2255(h)'s requirements.

In DePierre, the Supreme Court determined that the term "cocaine base" used in 21 U.S.C. § 841(b)(1), "in its most natural reading of the term" means "cocaine in its base form" and includes "crack cocaine, freebase, and coca paste." ___ U.S. at ___, 131 S. Ct. at 2231. Even if the narrow holding of DePierre lent support to Mitchell's assertions, it is not retroactively applicable to cases on collateral review so as to allow the filing of a second or successive section 2255 motion. United States v. Crump, No. 706-cr-7-1, 2012 WL 604140, at *2 (W.D. Va. Feb. 24, 2012); Williams v. United States, No. 9:11cv118, 2012 WL 214893, at *2 n.1 (E.D. Tex. Jan. 23, 2012); Ford v. Keller, No. 411-CV-718-Y, 2012 WL 112900, at *1 (N.D. Tex. Jan. 5, 2012); and Wilson v. United States, No. 11-CV-1532, 2011 WL 6308907, at *3 (W.D. La. Nov. 29, 2011).

AO 72A
(Rev. 8/82)

To the extent Mitchell asserts that DePierre provides relief pursuant to 28 U.S.C. § 2255(f)(3), his assertions fail here, as well. A motion under § 2255 is subject to a one-year statute of limitations, which shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). It appears that Mitchell relies on § 2255(f)(3), as his conviction became final more than twelve (12) years ago. Baisden v. United States, 529 U.S. 1080 (Apr. 17, 2000), *cert. denied*. However, this statute offers no support for Mitchell's claims. United States v. Davis, No. 06-047, 2012 WL 3156862, at *2 (E.D. La. Aug. 3, 2012) (no indication that the Supreme Court made DePierre retroactively applicable to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3)); Eckles v. United States, Nos. 5:12-cv-77 and 5:05-cr-09, 2012 WL 2741436, at *2 (W.D. N.C. July 9, 2012) (no indication that DePierre made retroactive to cases on collateral review); and Wallace v. United States, Nos. 12–388, 07–39, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012) (finding that DePierre is not retroactive on collateral review, but rather merely clarifies existing law).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Mitchell's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)